## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 8397 PSG (MRWx) | Date | April 4, 2013 |
|---|---|---|---|
| Title | *Star Fabrics, Inc. v. Sears Roebuck & Co., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**          **(In Chambers)**: **Order to Show Cause Re: Improper Joinder**

On September 28, 2012, Plaintiff Star Fabrics, Inc. ("Plaintiff") filed an action against nineteen Defendants for alleged copyright infringement of five different designs. *See* Dkt. # 1. Several of the Defendants have subsequently been terminated, so there are presently eleven named Defendants in the action.   Defendants are alleged to have infringed upon different designs and to have done so through different conduct.  Specifically, Defendant Triple Textile, Inc. is alleged to have infringed Design 60023, *Compl.* ¶ 33; Defendants Mouris Elyahoozadeh d/b/a Fashion Trends and Traben USA Inc. are alleged to have infringed Design 61741, *Compl.* ¶¶ 40-42; Defendants Image Boutique, Con Te, Inc., and Dowel Tex, Inc. are alleged to have infringed Design 60257, *Compl.* ¶¶ 60-62; and Defendants Expression Plus, Iron Puppy, Sku Trading, Inc., 2Hearts, and V Generation are alleged to have infringed Design 40470, *Compl.* ¶¶ 72-77.  Further, Defendants are alleged to have engaged in the infringement through different conduct: some Defendants are alleged to have made slight modifications or alternations to the designs and then sold the infringing designs while other defendants are alleged to have purchased, sold, and distributed the allegedly-infringing designs without having personally modified them.  Moreover, there is no indication that the Defendants that allegedly infringed differed designs acted in concert with each other or that there was any relationship between the Defendants alleged to have infringed different designs.

Federal Rule of Civil Procedure 20(a) provides the circumstances under which Defendants may be joined, stating:

"Persons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 8397 PSG (MRWx) | Date | April 4, 2013 |
|---|---|---|---|
| Title | *Star Fabrics, Inc. v. Sears Roebuck & Co., et al.* | | |

and

(B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2).  Though Plaintiff joins several Defendants in this action, the Complaint does not contain a statement asserting that Defendants are properly joined pursuant to Federal Rule of Civil Procedure 20(a).  Further, it does not appear that Plaintiff has asserted a right against Defendants "arising out of the same transaction and occurrence."  *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Fed. R. Civ. P. 20(a)).

If the Court determines that parties are misjoined, the Court may, at any time, add or drop a party, or sever any claim against a party.  Fed. R. Civ. P. 21.  Where defendants have been misjoined, the Court may generally dismiss without prejudice all but the first named defendant. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) ("If the test for permissive joinder is not satisfied . . . the court can generally dismiss all but the first named plaintiff without prejudice."); *Townsend v. Nat'l Arbitration Forum*, No. CV 09-9325-VBK (RNBx), 2012 WL 12736, at *11 (C.D. Cal. Jan. 4, 2012) (citing to *Coughlin* for the proposition that the court may dismiss without prejudice all but the first named defendant if the test for permissive joinder of defendants is not satisfied).  Accordingly, the Court orders Plaintiff to show cause in writing no later than **April 25, 2013** why the Court should not dismiss without prejudice all but the first named Defendant on the grounds of improper joinder of parties.  Failure to respond by the above date will result in the Court **dismissing** this action.  Further, the Scheduling Conference on the Court's calendar for April 8, 2013 is VACATED pending Plaintiff's response to this Order to Show Cause.

**IT IS SO ORDERED.**